**Rawley PROWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 51837 to 51839.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Ralph Taite, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Maridell Templeton, Braden W. Sparks, John Wm. Booth, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

These are appeals from convictions for theft of a service of the value of over $200 but less than $10,000. The punishment assessed in each case is imprisonment for 5 years, but in each case imposition of sentence was suspended, and the appellant was granted probation.

The appellant pleaded not guilty; he agreed to have these three cases consolidated for trial before the same jury. The two grounds of error that are presented are the same in each case on appeal.

■ The appellant first complains that the indictments are not couched in plain and intelligible language and do not meet the requirements of Article 21.02(7) and Article 21.04, V.A.C.C.P. The stolen services are described in the indictments as "hotel bill," "automobile rental," and "vehicle rented." The appellant urges that the services should have been described in the language suggested by V.T.C.A. Penal Code, Sec. 31.01(7)(C), (D), as "lodging and restaurant service," and "the supply of a motor vehicle." When applicable it would be preferable to follow the definition for services set out in Sec. 31.01(7). which reads as follows:

"(7) 'Service' includes:

"(A) labor and professional service;

"(B) telecommunication, public utility, and transportation service;

"(C) lodging, restaurant service, and entertainment; and

"(D) the supply of a motor vehicle or other property for use."

It is obvious that these definitions are suggested examples that are included within the term "service." We hold that the allegations of "hotel bill," "automobile rental," and "vehicle rented" are sufficient to describe the services stolen; the allegations are not vague and indefinite, and they do not violate or conflict with any statutory requirements.

In his argument in the brief the appellant also contends that there are fatal variances in each case between the State's proof and the allegations of the indictment concerning the services rendered. We find the evidence in each case, which is summarized in the discussion of the next ground of error, shows that the services obtained by theft supported the allegation in each indictment; no fatal variance resulted.

The remaining ground of error in each case is that the State failed to prove the appellant did not intend to pay for the services rendered.

The evidence in Cause 51,837 is that the appellant rented an automobile on September 27, 1974, to be returned on October 7, 1974. The appellant called on October 7th and said it would be two more days before he could return the automobile. Although he was called repeatedly, the appellant could not be reached at the telephone number he gave when renting the automobile. On October 24th, a certified letter demanding that the automobile be returned was mailed to the address given by the appellant when he rented the automobile. On November 5th, the automobile that the appellant had rented was left on the service drive of the car rental premises. It had been driven 3,891 miles, and under the terms of the contract the appellant owed $688.98 for the rental of the automobile. The appellant made no arrangement for credit when he rented the automobile.

The evidence in Cause 51,838 is that the appellant, who told the rental agent that he was in the roofing business, rented an automobile on November 13, 1974, from another rental agency in Dallas; it was to be returned in two days. Appellant called on the second day and said that he wanted to return the car after the weekend on Monday morning, November 18th. On November 20th, the agency sent letters, by certified mail demanding that the automobile be

returned, to the address given by the appellant when he rented the automobile and to another address where the agency's investigation showed the appellant might be reached. Return receipts were made on each letter showing that they had been received the day after they were mailed. On the morning of December 16th, the automobile rented by the appellant was found on the street near the car rental premises. The automobile had been driven 3,150 miles, and under the rental contract terms the appellant owned $690.06 for rental of the automobile. When the automobile was rented there was no arrangement made for credit, and the agent told appellant that the rental fee would have to be paid in full when the automobile was returned.

■ The evidence in Cause 51,839 shows that the appellant registered at a Dallas hotel on December 18, 1974. There was a medical convention in Dallas at the time, and a sign on the marquee at the hotel welcomed those attending that convention. The appellant registered as "Dr. Rod Powell," and gave a home address of Fort Worth. He stated on the registration card that he was employed in Fort Worth at the Powell Medical Center. He gave a departure date of December 20th. On the afternoon of December 23rd, the hotel employees commenced to be concerned about the payment of the appellant's bill, and they started looking for him. Later that evening the appellant was found in his room. He had no money and no credit card with which to pay the amount that he then owed. He insisted that the employees of the hotel wait until morning to straighten out the matter. An employee remained outside of the appellant's room, and another employee called police officers. After police officers came to the hotel, the door to the appellant's room was found to be locked with the security chain on the inside in place. Officers broke into the room, found the window open and the appellant absent from his room. The appellant had escaped from his third floor room, and he was seen in a flower bed on the ground. He was later arrested at a service station nearby.

The twenty-seven year old appellant testified in his own behalf. He said he was employed by a publishing company for which he directed a magazine sales crew and that he was also employed, as an estimator, in his brother's roofing business. He testified that in Cause 51,837 the rental agent would not accept a deposit when he rented the car and told him he would have to pay the rental fee when the automobile was returned. He said that he expected the automobile rental agencies to send him a bill which he intended to pay, but he did not receive a bill from either of the rental agencies. He also testified that he did not intend to abscond without paying for the use of the automobiles.

V.T.C.A. Penal Code, Sec. 31.04, provides:

"(a) A person commits theft of service, if, with intent to avoid payment for service that he knows is provided only for compensation:

"(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token; or

"(2) having control over the disposition of services of another to which he is not entitled, he intentionally or knowingly diverts the other's services to his own benefit or to the benefit of another not entitled to them.

"(b) For purposes of this section, intent to avoid payment is presumed if the actor absconded without paying for the service in circumstances where payment is ordinarily made immediately upon rendering of the service, as in hotels, restaurants, and comparable establishments."

The appellant argues that subsection (b) of Sec. 31.04, does not apply to the rental of automobiles.

We observe in the practice commentary following V.T.C.A. Penal Code, Sec. 31.04, it is said:

"Section 31.04(a)(1) contemplates the normal theft of services situation where the actor 'walks' the bill at a restaurant, uses a slug in a pay telephone, or leaves a rented trailer where it will be found, but fails to pay for its rental . . ."

We hold that V.T.C.A. Penal Code, Sec. 31.04(b) does apply to the rental of automobiles when there is no arrangement for credit. The appellant did not arrange for credit in either instance when he rented the automobiles. It was understood when the cars were rented from each of the agencies that payment would be made when the cars were returned. This is clear from the combined testimony of the agents and the appellant.

The evidence is sufficient in each case to support the jury's finding that the appellant had no intent to pay for the services which he had received.

The judgments are affirmed.

Opinion approved by the Court.