George **LITTLEFIELD**, Appellant,

v.

The **STATE of Texas**, Appellee.

Nos. 61103, 61104.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 19, 1979.

Rehearing En Banc Denied Nov. 21, 1979.

Gregory L. Koss, Dallas, Henry F. Cerny, New York City, for appellant.

Henry M. Wade, Dist. Atty., Ronald D. Hinds and Kelly W. Loving, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from orders revoking probation.

On March 30, 1976, appellant pled guilty to two offenses of theft of services over $200. Punishment was assessed in each case at five years, probated.

On June 9, 1977, the State filed an amended motion to revoke in both cases, alleging that appellant had violated a condition of his probation in that he committed an offense against the laws of this State.

Specifically, both motions alleged:

"(On or about the 12th day of October, 1976, in Dallas County, Texas, George W. Littlefield did then and there with intent to avoid payment for the use of one automobile, a service that the Defendant knew was provided by William Irwin, Jr. only for compensation, knowingly and intentionally secure performance of such service, of the value of at least Two Hundred Dollars ($200.00) by deception in that the Defendant absconded without paying for such service.)"

Following a hearing on the motions the trial court entered orders revoking the appellant's probation in both causes.

Appellant contends that the trial court abused its discretion in revoking the probations as the evidence was insufficient to prove that he had violated the conditions of his probation as alleged.

William Fridge, an employee of Friendly Chevrolet, testified that on January 30, 1976, he received a check in the amount of $50 from appellant to serve as the deposit on an automobile appellant desired to lease. On February 3, 1976, Fridge delivered the automobile to appellant and received appellant's check in the amount of $417.20 for the balance of the money due at the beginning of the lease period.

Both of the checks were dishonored by appellant's bank as the funds in his account were insufficient for payment of the checks. Fridge sent appellant notice of the dishonor by registered mail. The checks were never paid.

William Irwin testified that he took over Fridge's job in June of 1976. Irwin stated that under the terms of the lease agreement between appellant and Friendly Chev-

rolet, appellant was to make a monthly lease payment of $209 per month on the first day of each month for services rendered. No such payments were ever made. Finally, the car was reported stolen and returned by E. R. Higgins at appellant's request to Friendly Chevrolet on July 23, 1976.

The record shows that appellant was placed on probation on March 30, 1976. Appellant had entered into the lease contract for the car on February 3, 1976, two months before he was placed on probation. It is clear that any offense committed by appellant in connection with initiating the lease of the car committed before his term of probation began cannot serve as the basis for revocation of his probation. *See, Mason v. State,* Tex.Cr.App., 438 S.W.2d 556; *Taylor v. State,* 172 Tex.Cr.R. 45, 353 S.W.2d 422.

Appellant's initial acts in procuring the automobile from Friendly Chevrolet are separate and distinct from his continued possession of the automobile without paying the monthly lease payments. The evidence is clear that appellant retained possession of the automobile without paying the monthly lease payments for four months after he had been granted probation. Appellant's failure to make the lease payments constituted theft of services under V.T.C.A. Penal Code, Sec. 31.04(a)(1). We find that the trial court's action in revoking appellant's probation for theft of services was not an abuse of discretion.

Appellant further contends that the trial court abused its discretion in revoking his probation in that the automobile was leased to Littlefield Enterprises Incorporated rather than to appellant. The evidence shows that the lease was made out to Littlefield Enterprises and signed "Littlefield Enterprises by: George Littlefield."

V.T.C.A. Penal Code, Sec. 7.23(a) provides in pertinent part:

"(a) An individual is criminally responsible for conduct that he performs in the name of or in behalf of a corporation or association to the same extent as if the

conduct were performed in his own name or behalf."

We find that appellant was properly charged with the conduct performed in the name of Littlefield Enterprises Incorporated.

■ Lastly, appellant urges that the evidence was insufficient to show a criminal intent to avoid the monthly lease payments. Under the terms of the lease agreement, appellant contracted to make the payments to Friendly Chevrolet in return for the use of the automobile.

V.T.C.A. Penal Code, Sec. 31.04(b) provides:

"(b) For purposes of this section, intent to avoid payment is presumed if the actor absconded without paying for the service in circumstances where payment is ordinarily made immediately upon rendering of service, as in hotels, restaurants, and comparable establishments."

In *Prowell v. State,* Tex.Cr.App., 541 S.W.2d 432, we held that the above presumption applies to the rental of an automobile when there is no arrangement for credit.[1] In the instant case, Friendly Chevrolet did not extend credit to appellant and his payments were not made following the rendering of the service. We find that there was sufficient evidence to find an intent to avoid payment.

No abuse of discretion is shown in the revocation of appellant's probations.

The judgments are affirmed.

---

[1.] In *Prowell* the practice commentary following Sec. 31.04, supra, was quoted in the following pertinent part:

"Section 31.04(a)(1) contemplates the normal theft of services situation where the actor 'walks' the bill at a restaurant, uses a slug in a pay telephone, or leaves a rental trailer where it will be found, but fails to pay for its rental . . ."