Gary Dee LaFRANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–81–0178–CR.

Court of Appeals of Texas, Amarillo.

Jan. 21, 1982.

Donald Conley, Amarillo, for appellant.

Randall L. Sherrod, Crim. Dist. Atty., Deane C. Watson, Asst. Crim. Dist. Atty., Canyon, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

After pleading guilty to the offense of delivery of a controlled substance, Tex.Rev. Civ.Stat.Ann. art. 4476–15, § 4.03(a) and (b)(1) (Vernon 1976), and receiving a plea-bargained sentence of ten years in the penitentiary, appellant Gary Dee LaFrance complains that the trial court failed to admonish him in accordance with the mandatory requirements of Tex.Code Cr.P.Ann. art. 26.13 (Vernon Supp.1981). We affirm.

Appellant's specific complaint is that the trial court failed to admonish him on the range of punishment attached to the offense to which he plead guilty. At the trial, after both sides announced "ready," the following transpired:

> THE COURT: All right. The Indictment in this case alleges that you did on or about the 13th day of May, A.D., 1980, and before the presentment of this Indictment in Randall County, Texas, intentionally and knowingly *deliver* a controlled substance, namely lysergic acid diethylamide, an actual transfer of said lysergic acid diethylamide from himself to Steven McGraw. (Emphasis added.)
> Do you understand the nature of the charges against you?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Do you want to hear the Indictment read?
> THE DEFENDANT: No.
> \* \* \* \* \* \*
> THE COURT: ... Do you understand that the punishment for the offense of the *possession* of a controlled substance, to-wit, lysergic acid diethylamide, is by confinement in the Texas Department of Corrections for a term of years of not more than 99 nor less than five or life? (Emphasis added.)
> Do you understand that the Court, on a plea of guilty, will have to set your punishment somewhere within that range that I've just given you?
> THE DEFENDANT: Yes.

Following this colloquy, the trial court made one more reference to possession of a controlled substance. Later, however, the trial court said, "All right, Mr. LaFrance, to the Indictment charging you with the offense of delivery of a controlled substance, how do you plead?" Appellant replied, "Guilty." The court then ascertained that there had been a plea bargaining agreement between the parties, admonished appellant on that matter, and accepted the State's recommendation of ten years imprisonment.

Based on the foregoing, appellant argues that the punishment admonishment was for a possession offense instead of the delivery offense to which he plead guilty. We note at the outset, however, that the trial court correctly stated the range of punishment for the delivery offense to which appellant plead guilty. Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.03(b)(1) (Vernon 1976); Tex. Penal Code Ann. § 12.32 (Vernon Supp. 1981). Its only mistake was in substituting the word "possession" for the word "delivery" when informing the appellant of the range of punishment.

In 1975, the Legislature amended article 26.13 to provide that "substantial compliance" with the admonishment requirements is sufficient "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex.Code Cr.P.Ann. art. 26.-13(c) (Vernon Supp.1981). If the record does not affirmatively show an admonishment on the range of punishment, the omission is fundamental error and the guilty

plea is invalid. *Whitten v. State*, 587 S.W.2d 156, 158–59 (Tex.Cr.App.1979). Moreover, the admonishment must come from the trial court; an admonishment by anyone else is not substantial compliance. *Id.; Murray v. State*, 561 S.W.2d 821, 822 (Tex.Cr.App.1977).

Substantial compliance will be found, however, where a required admonishment is given, but in a form different from that prescribed by the statute if it "effectively satisfies the statutory requirements." 587 S.W.2d at 158. For example, in *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr. App.1980), the trial court stated the correct minimum sentence but announced an excessive maximum sentence. The Court of Criminal Appeals held that "appellant did 'receive an admonishment with respect to punishment, although not a complete one,' which, … 'is a *prima facie* showing of a knowing and voluntary plea of guilty.'" 610 S.W.2d at 478. *See also Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Cr.App. 1980).

The same principle is applicable here. The trial court correctly informed appellant of the punishment he could receive, although the offense was misstated. The admonishment is sufficient to create a prima facie showing of a knowing and voluntary plea of guilty. Accordingly, we conclude that there was substantial compliance with article 26.13. Appellant having failed to show that he was misled or harmed by the trial court's action, Tex.Code Cr.P.Ann. art. 26.13(c) (Vernon Supp.1981), his ground of error is overruled.

The judgment of the trial court is affirmed.