**James Spincer ADAMS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 04–81–00456–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 15, 1982.

E. B. Barretto, San Antonio, for appellant.

Bill White, Dist. Atty., Alan Battaglia, Asst. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and BASKIN, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction by the trial court for the offense of theft of property with a value of Two Hundred Dollars ($200.00) or more but less than Ten Thousand Dollars ($10,000.00). Based on allegation and proof of a prior conviction, appellant was punished as a repeat offender. *See* Tex.Penal Code Ann. §§ 31.03(d)(4)(A) (Vernon Supp.1982) and 12.42(a) (Vernon 1974). Appellant pled *nolo contendere* to the instant offense and "true" to the enhancement paragraph of the indictment. Punishment was assessed by the court at ten (10) years' confinement in the Texas Department of Corrections.

Appellant asserts three grounds of error, all of which relate to the court's admonishment. In his first and second grounds of error, appellant alleges that the court committed fundamental error by failing to admonish him, prior to accepting his plea of *nolo contendere,* as to the range of punishment of the instant offense and of the enhanced offense, respectively. In his third ground of error, appellant alleges that the trial court erred by accepting his plea of *nolo contendere* without first admonishing him of the consequences of his plea. We disagree.

Tex.Code Crim.Pro.Ann. art. 26.13(a)(1) (Vernon Supp.1982), provides, in part, that the court shall admonish the defendant, prior to accepting a plea of guilty or a plea of *nolo contendere,* of "the range of the punishment attached to the offense." It is well settled that art. 26.13(a)(1) is designed to insure that a defendant enters his plea with full knowledge of its consequences. *Whitten v. State,* 587 S.W.2d 156, 158 (Tex.Cr. App.1979) (Opinion on State's Motion for Rehearing). Affirmative showing of such knowledge is constitutionally required. *Id.* The total failure to comply with art. 26.-13(a)(1) is reversible error, without regard to whether defendant was harmed. *Ex Parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App. 1980); *Whitten,* 587 S.W.2d at 156. However, substantial compliance in admonishing the defendant is sufficient, "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Tex.Code Crim.Pro.Ann. art. 26.13(c) (Vernon Supp. 1982).

After advising the appellant of the charges against him and after satisfying itself that appellant understood his right to trial by jury, right of confrontation and his right against self-incrimination, the court conducted the following conversation with appellant:

THE COURT: James Spencer [sic] Adams, you are indicted for theft of property of more than $200 and less than $10,000. The records show you were served with a copy of the indictment on July 31, 1981. Is that correct?

MR. ADAMS: Yes, sir.

THE COURT: You have filed a Motion to Waive Reading of Indictment so it will not be read to you.

How do you plead to that indictment?

MR. ADAMS: Plead no contest.

THE COURT: All right. Are you pleading nolo contendere freely and voluntarily?

MR. ADAMS: Yes.

THE COURT: You are not entering your plea because of any fear, threats, coercion, persuasion, or any delusive hope of pardon or because anyone or anybody has promised you anything, are you?

MR. ADAMS: No, sir.

THE COURT: Has anybody forced you to plea?

MR. ADAMS: No.

THE COURT: Has anybody threatened you?

MR. ADAMS: No.

THE COURT: Nobody has threatened you? Has anybody promised you anything?

MR. ADAMS: No.

THE COURT: Has anybody guaranteed to you that if you enter a plea in your case of nolo contendere that the court will grant you probation or conditional discharge or deferred adjudication or any other sort of inducement in order for you to enter your plea?

MR. ADAMS: No, sir.

THE COURT: Okay. I want you to know this. I want you to understand that no one or nobody can guarantee or promise you anything. You understand that?

MR. ADAMS: Yes, sir.

THE COURT: Okay. In other words, you're entering your plea of nolo contendere free and voluntarily; is that correct?

MR. ADAMS: Yes, sir.

THE COURT: And for no other reason?

MR. ADAMS: Yes.

\* \* \* \* \* \*

THE COURT: James Spencer [sic] Adams, this is your affidavit of admonition and jury waiver filed in this case. Is this your signature acknowledging that you have read and signed and that you had your constitutional rights explained to you by your attorney and it is your desire to enter this plea of nolo contendere and waive the right to a trial by jury and you are asking the court to give consent and approval to the jury waiver and you are satisfied with the representation of Mr. E.B. Barretto?

MR. ADAMS: Yes.

\* \* \* \* \* \*

THE COURT: The court gives its consent and approval to the jury waiver. The court will accept defendant's plea of nolo contendere and hereby approve the defendant's admonition and order this plea and jury waiver filed upon the minutes of this court.

James Spencer [sic] Adams, under the laws of the State of Texas the offense of theft of property of the value of $200 but less than $10,000 as charged in indictment 81–CR–1783, is a third degree felony.

MR. RUBIOLA: But it's enhanced.

THE COURT: I haven't gotten that far. That comes in the punishment phase. It's a third degree felony, and the range of punishment, very important that you know and understand the range of punishment. That's two to ten years confinement in the Texas Department of Corrections and a possible fine not to exceed $5000. You understand that?

MR. ADAMS: Yes.

THE COURT: Now, in this indictment they also allege in paragraph two an enhancement that you have a final conviction in the past. You were indicted as what is called a repeater. Under the second paragraph of the indictment—I know you filed an admonition and waiver, but I'm going to tell you what the second paragraph of the indictment alleges. Alleges that on the 19th day of May, 1980, in the 144th District Court of Bexar County, Cause No. 79–CR–2491, on the docket of said court, that you, James Spencer [sic] Adams, were duly and legally convicted under the said laws of the state of a felony, to-wit: the offense of theft of property more than $200 and less than $10,000. The indictment in the said last-named court, of which said court had jurisdiction and said conviction was a final

conviction against the peace and dignity of the State of Texas. How do you plead to that enhancement? The plea will be true or not true.

MR. ADAMS: True.

THE COURT: Okay. You having plead true to the second paragraph, that raises it from a third degree, and the range of punishment of a second degree felony is two to twenty years confinement and in addition a possible fine not to exceed $10,000. You understand that?

MR. ADAMS: Yes.

THE COURT: Understanding that do you still want to plead true to the enhancement?

MR. ADAMS: Yes.

THE COURT: Are you pleading true because that is true?

MR. ADAMS: Yes.

It is clear that the trial court failed to admonish appellant as to the range of punishment of the instant offense and as to the range of punishment of the enhanced offense prior to accepting his plea of *nolo contendere.* The record does indicate, however, that the court did admonish appellant as to the range of punishment of the instant offense immediately prior to receiving his plea of true to the enhancement paragraph alleged in the indictment. It was not error for the court to fail to admonish appellant as to the range of punishment of the enhanced offense prior to accepting his plea of *nolo contendere* to the instant offense.

■ It is well settled that the admonishment provisions of art. 26.13 do not apply to the punishment portions of a trial if a defendant pleads *nolo contendere* to the instant offense. *Crowder v. State,* 424 S.W.2d 637, 638 (Tex.Cr.App.1968). It is therefore logical to conclude that an admonishment as to the range of punishment of the enhanced offense, which is part of the punishment phase of a trial, before accepting a plea of *nolo contendere* on the instant offense, is also not required by art. 26.13.

■ We further hold that the trial court substantially complied with the provisions of art. 26.13 and the failure of the trial court to admonish appellant as to the range of punishment of the instant offense prior to accepting his plea of *nolo contendere* did not constitute error.

The court did comply with the essential elements of art. 26.13 by (1) giving the admonishment, and (2) giving it directly to the defendant. This action by the trial court constitutes substantial compliance. *Whitten v. State,* 587 S.W.2d at 158.

■ In the absence of a positive showing of harm, substantial compliance with art. 26.13 is all that is required. *Henderson v. State,* 619 S.W.2d 175, 176 (Tex.Cr.App. 1981); *Hardman v. State,* 614 S.W.2d 123, 124, 126 (Tex.Cr.App.1981); *DeVary v. State,* 615 S.W.2d 739 (Tex.Cr.App.1981).

The record does not reflect any objection to the proceeding before the court, at the plea, nor any attempt by appellant to withdraw the plea, as is his right. *Id.* We find that appellant has failed to affirmatively show that he entered the plea without understanding the consequences of his action and that he was misled or harmed by the admonishment of the court.

The court having substantially complied with art. 26.13 and the appellant having failed to affirmatively show that he was not aware of the consequences of his plea and that he was misled or harmed, appellant's three grounds of error are without merit and are overruled.

Accordingly, the judgment of the trial court is affirmed.