Larry Melton MORRIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 82 161 CR.

Court of Appeals of Texas, Beaumont.

Sept. 7, 1983.

Thomas M. Root, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

This appeal involves revocation of probation. Appellant Larry Melton Morris pleaded guilty to the offense of unlawfully carrying a handgun on licensed premises. Appellant received a 10-year probated sentence and was assessed a $2,000 fine.

On April 16, 1982, four days after original sentencing, appellant was arrested for public intoxication. A motion to revoke probation was filed on May 5, 1982. After a hearing, the court revoked appellant's probation and sentenced him to ten years confinement in the Texas Department of Corrections. This appeal was perfected.

Appellant's first ground of error complains that the trial court, in receiving appellant's guilty plea on the underlying offense, failed to:

"... properly admonish the appellant on his plea of guilty, in that the court failed to inquire of the appellant if his pleas had been obtained by either force, fear, promise, or persuasion."

In this context, the following exchange took place:

"THE COURT: Mr. Morris, are you pleading guilty freely, voluntarily and because you are in fact guilty?

"THE DEFENDANT: Completely.

"THE COURT: Listen to my question. Are you pleading guilty freely?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you pleading guilty voluntarily?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you pleading guilty because you are guilty?

"THE DEFENDANT: Yes, sir."

The applicable statute is *Tex.Code Crim. Proc.Ann. art. 26.13* (Vernon Supp. 1982–1983). Formerly, the statute required the court, upon a guilty plea, to *not* accept such plea unless it appeared the defendant was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." *Tex.Code Crim.Proc.Ann. art. 26.13* (Vernon 1966).

The statute was amended in 1975. *See LaFrance v. State,* 626 S.W.2d 932 (Tex. App.—Amarillo 1982, disc. rev. ref'd). Under the amended provision, "no plea of guilty . . . shall be accepted by the court unless it appears that . . . the plea is free and voluntary." *Tex.Code Crim.Proc.Ann. art. 26.13(b)* (Vernon Supp. 1982–1983).

"[S]ubstantial compliance by the court is sufficient, unless the defendant affirmatively shows . . . that he was misled or harmed by the admonishment of the court." *Tex.Code Crim.Proc.Ann. art. 26.13(c)* (Vernon Supp. 1982–1983); *Richards v. State,* 562 S.W.2d 456 (Tex.Cr.App.1977).

Under this amended statute, the Court of Criminal Appeals has not required "an express inquiry as to whether a defendant is freely and voluntarily entering a plea of guilty to constitute substantial compliance with Art. 26.13, supra." *Richards v. State, supra* at 458.

 Here, the court's admonishment seems to be clearly in substantial compliance with the statute. Further, appellant does not suggest he was misled or harmed by such admonishment. No error is shown. *See Adams v. State,* 640 S.W.2d 394, 397 (Tex.App.—San Antonio 1982, no writ); *Maxey v. State,* 626 S.W.2d 180, 182 (Tex. App.—Corpus Christi 1981, disc. rev. ref'd). This ground of error is denied.

Appellant's second ground of error complains the evidence was not sufficient to show appellant had committed the offense of public intoxication. Appellant claims the State failed to prove each element of the offense by a preponderance of the evidence.

 In a probation revocation hearing, the prosecution's burden of proof is a mere preponderance of the evidence. *Kulhanek v. State,* 587 S.W.2d 424, 426 (Tex.Cr.App. 1979); *Scamardo v. State,* 517 S.W.2d 293, 297 (Tex.Cr.App.1974). In passing on this standard, the trial judge is the sole trier of facts, the credibility of witnesses, and the weight to be given to the testimony. *Battle v. State,* 571 S.W.2d 20, 21 (Tex.Cr.App. 1978); *Houlihan v. State,* 551 S.W.2d 719, 723 (Tex.Cr.App.), cert. denied, 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977). Consequently, the findings of the trial court should not be reversed unless a clear abuse of discretion is shown. *Flournoy v. State,* 589 S.W.2d 705 (Tex.Cr.App.1979); *Lloyd v. State,* 574 S.W.2d 159, 160 (Tex.Cr.App. 1978). Probation revocation will be reversed on appeal only if appellant can disprove each and every allegation proven by the State. *Sanchez v. State,* 603 S.W.2d 869 (Tex.Cr.App.1980); *Jones v. State,* 571 S.W.2d 191 (Tex.Cr.App.1978).

The elements of public intoxication are as follows:

"[1] An individual . . .

[2] appears in a public place

[3] under the influence of alcohol or any other substance,

[4] to the degree that he may endanger himself or another."

*Tex.Penal Code Ann. § 42.08(a)* (Vernon 1974); *Adams v. State,* 531 S.W.2d 626, 628 (Tex.Cr.App.1976).

Officer James Jackson testified appellant was a passenger in an automobile stopped at a railroad crossing. After the train passed and the car did not move, Officer Jackson approached the vehicle. The witness testified as follows:

"Q. Did you notice anything about [appellant]?

"A. When I asked him to exit the car he got out on the passenger's side. He was real unsure and unsteady. When he got out he had to hold onto the car to walk around to the

back of it and meet me. We spoke back there for a minute and I could detect alcohol on his breath."

After the witness had determined appellant was intoxicated, the officer also stated as follows, in response to a question by appellant's counsel:

"Q. How was [appellant] a danger to himself?

"A. He was a passenger in a vehicle which was running. Neither the passenger nor the driver was coherent enough to operate the vehicle...."

Officer Jackson also testified:

"At the time I found the vehicle it was running. The driver was intoxicated, thereby he was not able to drive, so thereby the passenger was either going to have to walk or drive the vehicle. I didn't feel he was capable of doing either one."

■ The testimony provides sufficient evidence from which the trial judge could conclude, by a preponderance of the evidence, that the State's allegation of "public intoxication" was true. This ground of error is also overruled.

■ Appellant's third ground of error complains revocation of probation was erroneous because appellant "substantially complied" with his probation "contract." *See Flournoy v. State, supra.* No authority is cited for the proposition that attempted compliance with probationary terms and conditions is a defense to revocation. Furthermore, because of the role of the trial court as the sole trier of fact, *Battle v. State, supra,* any testimony concerning alleged attempted compliance was subject to disbelief, particularly in the face of controverting testimony showing a lack of compliance. This ground of error is without merit and is also overruled.

■ Appellant's fourth ground of error complains that the "no alcohol" condition in appellant's probation is unreasonable. *Tex. Code Crim.Proc.Ann. art. 42.12, § 3d(a)* (Vernon Supp. 1982–1983), requires terms of probation to be reasonable. *Hernandez*

*v. State,* 556 S.W.2d 337 (Tex.Cr.App.1977); *Tamez v. State,* 534 S.W.2d 686 (Tex.Cr. App.1976). The requirement of alcoholic abstention is one such reasonable condition of probation. *See Chacon v. State,* 558 S.W.2d 874 (Tex.Cr.App.1977); *Flores v. State,* 513 S.W.2d 66 (Tex.Cr.App.1974). This ground of error is overruled.

Appellant's fifth and sixth grounds of error complain of the trial court's action in revoking probation based on incidents that occurred before the statutory time for appeal had expired. Appellant waived his right of appeal and was therefore given fifteen days to seek permission from the trial court to appeal. *Tex.Code Crim.Proc. Ann. art. 44.08(b)* (Vernon Supp. 1982– 1983). Appellant now complains that the acts committed on April 16th, following conviction and sentencing on April 12th, formed the basis for this revocation, thus chilling appellant's right to appeal. It should be noted appellant did *not* appeal the underlying conviction.

The motion to revoke probation was not filed until May 5, 1982, some 23 days after original sentencing. Also, from the docket sheet, it appears that an arrest warrant was issued, but not served on either April 23 and again on April 26. Capias was finally returned on May 5.

■ The probationary term is fixed by the court. *Tex.Code Crim.Proc.Ann. art. 42.12, § 3* (Vernon 1979). Here, probation began on the sentencing date, April 12, 1982. *Littlefield v. State,* 586 S.W.2d 534 (Tex.Cr.App.1979); *Ex parte Davis,* 542 S.W.2d 117 (Tex.Cr.App.1976). *Cf. Surety Corp. of America v. State,* 550 S.W.2d 689 (Tex.Cr.App.1977); *Ross v. State,* 523 S.W.2d 402 (Tex.Cr.App.1975); *Delorme v. State,* 488 S.W.2d 808 (Tex.Cr.App.1973) (where appeals *had* been taken). Appellant would have this court extend the notion in *Delorme v. State, supra,* that terms of probation do not commence until an appeal is final to a class of cases where appeal may be, but has not been taken. We decline to do so. In the absence of an appeal, the probationary term runs unabated from the

date of sentencing. Consequently, it was not error to base revocation of probation on acts committed during the 15-day pendency of possible appeal. These grounds of error are overruled.

The judgment is Affirmed.