**William Guy MASSEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–052–CR.**

Court of Appeals of Texas, Beaumont.

Nov. 18, 1987.

Discretionary Review Refused Feb. 10, 1988.

Randy Martin, Houston, for appellant.

William K. Zimmer, Asst. Dist. Atty., Conroe, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant had been placed on probation for a period of 7 years for the burglary of a habitation. Later, an Amended Motion to Revoke Probation was filed alleging, inter alia, that the Appellant committed the offense of theft. After notice, a hearing was held on the allegations set forth in the Amended Motion to Revoke Probation. Subsequent to the hearing, the trial judge found that paragraph I, which was the allegation of theft, was true and, on that basis, revoked the Appellant's probation. He reformed the probation to assess 5 years confinement in the Texas Department of Corrections.

Appellant advances only one ground of error or subject for review, arguing that the trial court erred in finding that the subsequent theft offense was true for the reason that the State failed to prove, by a preponderance of the evidence, that the Appellant committed the offense of theft.

A grayish, metallic, Silverado pickup truck, Model Year 1986, with charcoal gray, crushed velour seats, was stolen in early April, 1986, from the premises or parking lots of a nightclub. The club was located in Porter, in Montgomery County. The owner of the Silverado pickup was Karen Elaine Brooks. The theft took place on April 4, 1986. On the next day, April 5, 1986, Billy Cooper loaned to the Appellant and to Bobby Reynolds some tools and a strong, substantial A-frame. Late, on the same evening, being April 5, 1986, Cooper went to the Appellant's home, which was located on Firetower Road in Montgomery County.

Immediately upon arriving at the Appellant's home, Cooper saw a new 1986 or 1985 short wheelbase silver-colored Chevrolet truck, with gray crushed velvet, or velour, seats in the yard of the Appellant's home. Cooper also observed that his A-frame was situated over the front end of said truck. Cooper also clearly observed that Bobby Reynolds was taking parts off that same truck in the presence of Appellant, William Guy Massey. At that point in time the truck actually had no engine under the hood. The engine had been placed on the ground next to the truck.

On the very next day, April 6, 1986, at about 10:00 p.m., one Charles Runge responded to a vehicle fire which was within one mile or less of the Appellant's residence. Runge was a volunteer fireman. The fire involved a Chevrolet pickup truck that had no engine. A deputy sheriff, Kenneth Dunlap, swore that he responded to the same vehicle fire. The fire took place about one-fourth mile from the Firetower Road. Officer Dunlap testified that the vehicle was a short wheelbase Chevrolet truck, grayish in color. It had no engine. The truck was registered in the name of Karen Elaine Brooks.

The Appellant argues that the State failed to prove that the truck seen in the Appellant's yard was the same truck that was stolen from Karen Elaine Brooks. We conclude that the burden of proof in a

probation revocation hearing, placed upon the State, is to demonstrate its allegation by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Crim. App.1974). In a revocation of probation hearing, the proof required does not require evidence sufficient to sustain a criminal conviction in a trial on the merits before a jury or a judge. The degree of proof or evidence that is required is, within sound judicial discretion, to merely satisfy the district judge that the conduct of the probationer has not met the conditions of the probation. *Scamardo, supra.*

It is now well settled in this circuit that, in a probation revocation hearing, the prosecution's burden of proof is a *mere preponderance of the evidence. Morris v. State*, 658 S.W.2d 770 (Tex.App.—Beaumont 1983, no pet.). *See Kulhanek v. State*, 587 S.W.2d 424 (Tex.Crim.App.1979).

In passing upon this standard of a mere preponderance of the evidence, the trial bench is the sole trier of the facts, the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Battle v. State*, 571 S.W.2d 20 (Tex. Crim.App.1978); *Houlihan v. State*, 551 S.W.2d 719 (Tex.Crim.App.), *cert. denied* 434 U.S. 955, 98 S.Ct. 481, 54 L.Ed.2d 313 (1977). Hence, the findings, conclusions and orders of the trial judge should not be reversed unless a clear abuse of his judicial discretion is shown. *Flournoy v. State*, 589 S.W.2d 705 (Tex.Crim.App.1979); *Lloyd v. State*, 574 S.W.2d 159 (Tex.Crim. App.1978). We find no abuse of discretion.

Of course, it is well settled that the violation of one condition of probation will support the court's order to revoke probation. *Jones v. State*, 571 S.W.2d 191 (Tex.Crim. App.1978).

■ Karen Brooks described her own vehicle as a 1986 Silverado, fully loaded, metallic gray, with dual tanks, large aluminum wheels, velour crushed velvet seats and a cargo light. The vehicle also had a stereo system. The vehicle also had a chrome bumper called a "Callaway" bumper. The seats were charcoal gray of crushed velour. Brooks paid $14,900 for the truck. Brooks also gave an extremely long, but detailed vehicle number. She testified that, after it was totally stripped and burned, she was reimbursed fully by insurance, saying the insurance took care of everything after she (Brooks) called the insurance people.

It was made clear by the trial judge and the State's attorney that, at this point, the State was not proceeding with an arson count against the Appellant.

A law officer, George Gilmer, testified that the vehicle number, in his record and report was the same number as the one given by Brooks. The license plate was a Texas '86, 2–3–1–4–Edward–Sam, which said license number and car were registered to Miss Karen Brooks. The attorney for the Appellant did not cross-examine Officer Gilmer, concerning this point.

The next witness was Billy E. Cooper and he testified that he had loaned to the Appellant and one Bobby Reynolds a number of tools and an A-frame. This witness testified that the A-frame was a device to pull the engine out of a car. When he visited the Appellant's home, he described the vehicle as a new 1986 or 1985 short wheelbase, fleetside truck. The truck was located behind William Guy Massey's house. The witness, Cooper, actually watched Bobby Reynolds take parts off the truck, including the master cylinder. Cooper's own A-frame was in front of the truck. During this visit, the Appellant, Massey, was standing and talking to Cooper. They were both watching Reynolds. At that time, the Appellant told Cooper that Bobby Reynolds was taking the truck apart and, in addition, Massey wanted to sell some of the parts to Cooper.

We also have the testimony of Charles Runge, a witness called by the State. Runge was employed as a mechanic for Branham Industries. He was acting as a volunteer fireman on April 6, 1986. He received a fire call on that date. It was a vehicle fire. The vehicle fire was on Farm to Market Road 2090. Farm to Market Road 2090 is about a mile from the Firetower Road. Runge found the "vehicle heavily involved in flames", lots of flames were coming out of the cab and around the

bed area and out of the engine compartment. It was a pickup truck. He could determine that it was a Chevrolet and ½ ton. The paint was burnt off. The unusual thing about the vehicle was that most of the usable parts had been taken off. The engine, transmission and tires had been taken off. As a volunteer fireman, he had responded to approximately 100 to 200 vehicle fires. He was of the opinion that this fire was deliberately and intentionally set. Even the VIN [vehicle identification number] had been burnt off the truck. There were no cross-examination questions to Runge.

We perceive that the careful trial judge properly excluded the hearsay evidence and other inadmissible testimony. The hearing, we conclude, was properly and professionally tried. We find ample evidence, certainly more than a preponderance of the evidence, to support the trial judge's revocation of the probation. We decide that there was no abuse of the trial judge's discretion.

The judgment, sentence and the actions of the trial court below are hereby affirmed.

AFFIRMED.