Louis Phillip BARAJAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–063–CR.

Court of Appeals of Texas, Waco.

Sept. 20, 1984.

Russell D. Hunt, Fulbright, Winniford, Bice & Marable, Waco, for appellant.

Vic Feazell, Dist. Atty., Kenneth R. Bennett, Asst. Dist. Atty., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Barajas from an order revoking his probation and

sentencing him to 2 years in the Texas Department of Corrections and a fine of $400.

On June 16, 1983, appellant plead guilty to the offense of unauthorized use of a motor vehicle, and was assessed 2 years confinement in the Texas Department of Corrections and a $400 fine [plus payment of court costs, probation fees and restitution]. Appellant was placed on probation on June 15, 1983. The State filed motion to revoke appellant's probation on February 7, 1984, alleging 14 violations of the conditions of appellant's probation.

After hearing the trial court revoked appellant's probation.

Appellant appeals on 1 Ground of Error: "The trial court erred and abused its discretion in revoking the probation of appellant based on a finding that appellant had consumed alcoholic beverages and failed to pay monies due."

The State alleged among other matters in its motion to revoke that appellant failed to totally avoid the use of alcoholic beverages.

At the revocation hearing appellant's supervising probation officer testified that appellant reported on January 26, 1984, for his monthly visit and admitted to him that he had been drinking alcoholic beverages at a local club on January 20, 1984. The testimony came without objection and appellant offered no opposing testimony.

The trial court found (among other matters) appellant had failed to avoid consumption of alcoholic beverages and revoked his probation.

■ One ground for revocation if proven is sufficient to revoke probation. *Jones v. State*, Tex.Crim.App., 571 S.W.2d 191; *Moore v. State*, Tex.Crim.App., 605 S.W.2d 924; *Herrera v. State*, CA (Waco) NWH, 656 S.W.2d 148.

■ The condition that probationer totally abstain from the use of alcohol is a reasonable term of probation. *Flores v. State*, Tex.Crim.App., 513 S.W.2d 66; *Mor-*

*ris v. State*, CA (Beaumont) NWH, 658 S.W.2d 770.

■ An oral admission of a violation of probation terms, made by probationer to his probation officer is sufficient to revoke probation. *Cunningham v. State*, Tex. Crim.App., 488 S.W.2d 117.

Defendant's ground is overruled.

AFFIRMED.