Jones-BT v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-321-CR

     BOOKER THOMAS JONES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 361st District Court
Brazos County, Texas
Trial Court # 22,709-361
                                                                                                    

O P I N I O N
                                                                                                    

       Appellant Booker Thomas Jones pled guilty to the offense of theft of property worth $750 or
more but less than $20,000.


 In exchange for Jones' plea, the State recommended that he be
sentenced to ten years' confinement in the Institutional Division of the Texas Department of
Criminal Justice, that imposition of the sentence be suspended, and that Jones be placed on
community supervision. The trial court suspended Jones' sentence in accordance with the plea
agreement and placed him on community supervision on May 19, 1994.
       The State filed a motion to revoke Jones' community supervision on September 6, 1995.


 
After a hearing on the motion, the trial court revoked his community supervision.
       Jones raises three points of error asserting that the evidence was insufficient to support the
revocation, that the trial court erred in admitting his recorded oral statement, and that the judgment
is defective in that it was signed by a different judge than the one who presided over the revocation
hearing.
SUFFICIENCY OF THE EVIDENCE
       The State's motion alleged that Jones violated a certain condition of his probation thus:
Condition (1): (Commit no offense against the laws of the State or any other State or of
the United States or of any governmental entity; further, you are to report to your
Probation Officer within 48 hours if arrested or questioned by a law enforcement officer);
in that the defendant, BOOKER THOMAS JONES, on or about September 3, 1995, in
Brazos County, Texas did then and there intentionally and knowingly cause bodily injury
to Eugene Cooper by shooting Eugene Cooper and did then and there use a deadly
weapon, to-wit: a firearm;
 
in that the defendant, BOOKER JONES, on or about September 3, 1995, in Brazos
County, Texas did then and there intentionally, knowingly and recklessly carry on and
about his person a handgun, to-wit: a Beretta 9mm.
At the hearing, Jones admitted that he possessed the weapon but claimed that he shot Cooper in
self-defense.
       Jones contends in his first point that because the State joined two offenses in one paragraph,
it was bound to prove both offenses by a preponderance of the evidence before his community
supervision could be revoked.


 The State responds that proof of either offense was sufficient to
support the trial court's decision to revoke the community supervision.
       The State must prove a violation of community supervision by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). On appeal from an order
revoking community supervision, the court determines whether the trial court abused its discretion. 
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). We consider the evidence in the
light most favorable to the court's findings in making this determination. Hill v. State, 719 S.W.2d
199, 201 (Tex. Crim. App. 1986).
       Proof of a single violation will suffice to revoke community supervision. Stevens v. State, 900
S.W.2d 348, 350 (Tex. App.—Texarkana 1995, pet. ref'd). The admission of a defendant to a
violation of one of his conditions of community supervision is sufficient to prove a violation of
that condition by a preponderance of the evidence. Barajas v. State, 682 S.W.2d 588, 589 (Tex.
App.—Waco 1984, no pet.).
       Because Jones admitted to possession of the weapon, the evidence is sufficient to support the
revocation. Thus, we overrule his first point of error.
JONES' ORAL STATEMENTS
       Jones claims in his second point that the trial court erred in admitting an electronically
recorded oral statement he gave to the officer investigating the shooting of Eugene Cooper because
the required statutory warnings for custodial interrogation were not given him. Tex. Code Crim.
Proc. Ann. art. 38.22, § 3(a)(2) (Vernon Supp. 1997).
       Bryan Police Officer John Crenshaw testified that he investigated the shooting. A witness at
the scene told Crenshaw that Jones was involved. After hearing that Crenshaw was "looking for
him," Jones called Crenshaw and gave a brief description of the incident to him over the phone. 
At Crenshaw's request, Jones came to the police department to provide a more detailed account.
       At the beginning of the interview but during the recording, Crenshaw advised Jones as
follows:
All right. Booker, you're not under arrest. You came up here of your own free will. 
You're going to be able to walk right out that door like I told you, but I don't want you
leaving one little bit out. I want you to start off at the beginning and tell me what
happened out there.
After these admonitions, Crenshaw questioned Jones at length about the shooting. Crenshaw
never gave Jones the article 38.22 warnings.
       Crenshaw testified that he had no intention of arresting Jones on the day of the interview
regardless of the content of Jones' statement. Crenshaw explained that he was waiting for lab
results and presentation of the case to the grand jury before he would arrest Jones.
       Jones argues that because he went to the police department at Crenshaw's request and because
the officer told him not to "leav[e] one little bit out,"


 the interview amounted to custodial
interrogation. Thus, he contends that the absence of the statutory warnings in the recording
renders his statement inadmissible under article 38.22.
       Article 38.22, section 3(a)(2) provides that an electronically recorded oral statement of a
defendant obtained by custodial interrogation is inadmissible if certain warnings


 are not provided
the accused "prior to the statement but during the recording." Tex. Code Crim. Proc. Ann. art.
38.22, § 3(a)(2) (Vernon Supp. 1997). The accused must also make a knowing and intelligent
waiver of his rights before the statement becomes admissible. Id. If, however, the statement is
not obtained as a result of custodial interrogation, no warning is required. Tex. Code Crim. Proc.
Ann. art. 38.22, § 5 (Vernon 1979).
       Custody occurs when, under the circumstances, a reasonable person would believe his
freedom of movement had been restrained to the extent of a formal arrest. Stansbury v. California,
511 U.S. 318, 114 S. Ct. 1526, 1528-30, 128 L. Ed. 2d 293, 298-99 (1994); Dowthitt v. State, 931
S.W.2d 244, 254 (Tex. Crim. App. 1996). The court determines whether a person was in custody
solely on the basis of objective circumstances. Stansbury, 114 S. Ct. at 1528-29, 128 L. Ed. 2d
at 298; Dowthitt, 931 S.W.2d at 254. Questioning at a police station does not, by itself, constitute
custody. California v. Beheler, 463 U.S. 1121, 1124-25, 103 S. Ct. 3517, 3519-20, 77 L. Ed. 2d
1275 (1983); Dowthitt, 931 S.W.2d at 255.
       In Beheler, the United States Supreme Court most recently addressed the issue of police
station interviews. In that case, the suspect accompanied the officers to the station of his own
accord. Beheler, 463 U.S. at 1122, 103 S. Ct. at 3518. The interview lasted less than 30 minutes,
and then he was permitted to go home. Id. The Court found that this was not a custodial
interrogation. Beheler, 463 U.S. at 1125-26, 103 S. Ct. at 3520. The Court of Criminal Appeals
reached the same result in a case where an arson suspect voluntarily went to the fire department
for an interview. Meek v. State, 790 S.W.2d 618, 622 (Tex. Crim. App. 1990).
       Because Jones voluntarily came to the police station for his interview, because the officer
advised him that he was not under arrest and free to leave at the conclusion of the interview, and
because Jones left the station without incident, we conclude that he was not in custody when he
provided the statement. Therefore, the article 38.22 warnings were unnecessary. Jones' second
point of error is overruled.
THE REVOCATION ORDER
       In his last point, Jones complains that the revocation order is defective because it was signed
by a different judge than the one who presided over the revocation hearing.
       Judge Stan Pemberton, sitting as a visiting judge, presided over the revocation hearing. At
the conclusion of the hearing, Judge Pemberton found that Jones had violated a condition of his
community supervision as alleged, revoked his community supervision, and ordered him to serve
the original ten year sentence.
       Seven days later a written "judgment revoking probation" was signed by Judge Carolyn
Ruffino, Judge of the 361st District Court. The judgment recites that Judge Pemberton presided
over the hearing.
       Jones contends that because Judge Ruffino signed the order, she was the one who actually
assessed his punishment. Jones says this was error because she heard no evidence upon which to
base a ruling. Thus, he argues, she abused her discretion in revoking his community supervision.
       At the conclusion of a revocation hearing, the judge "may either continue, extend, modify, or
revoke the community supervision" after determining that the defendant violated a condition of
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(b) (Vernon Supp. 1997). 
Once the trial judge has found a violation and pronounced this finding on the record, no further
recitations are required to accomplish a revocation "beyond the pronouncement of sentence . 
. . ." Jones v. State, 795 S.W.2d 199, 201 (Tex. Crim. App. 1990). The failure of the presiding
judge to sign a written order revoking community supervision will not affect the judgment's
validity. Gonzalez v. State, 508 S.W.2d 388, 388 (Tex. Crim. App. 1974).
       Judge Pemberton stated on the record his finding that Jones had violated a condition of his
community supervision. He also pronounced Jones' sentence in accordance with the applicable
law. At that moment, Jones' community supervision was revoked and his punishment assessed. 
The written judgment in no way affected the validity of Jones' revocation. Thus, we overrule his
third point of error.
       We affirm the judgment.
 
                                                                                             REX D. DAVIS
                                                                                             Chief Justice


Before Chief Justice Davis
              Justice Cummings and
              Justice Vance
Affirmed
Opinion delivered and filed February 5, 1997
Do not publish