**Amy Elaine LINDLEY a/k/a Amy Elaine Davis, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 06–99–00030–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted May 31, 2000.

Decided June 1, 2000.

Mark W. Breding, Quitman, Eric Albritton, Holmes Law Office, Longview, for appellant.

Marcus D. Taylor, Wood County Dist. Atty., Quitman, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Justice GRANT.

Amy Lindley a/k/a Amy Davis appeals from a final adjudication of her guilt. She pleaded guilty to possession with intent to deliver methamphetamine, on September 10, 1998, and was placed on ten years' deferred adjudication. The offense is a first degree felony, and subject to a sentence range of five to ninety-nine years or life and a $10,000 fine. The State filed a Motion to Adjudicate based on a positive urinalysis showing that she had ingested methamphetamine while on community supervision. She pleaded true to this allegation. On February 4, 1999, she was adjudicated guilty and sentenced to prison.

The trial court in this case does not accept plea bargains. Lindley had no prior convictions, and the prosecutor, at the revocation hearing, orally asked the court to withhold final adjudication and recommended retaining Lindley on community supervision but amending the terms to include drug counseling. The court disregarded this recommendation and sentenced Lindley to forty-five years in prison.

Lindley contends that she is entitled to reversal because the court failed to hold a hearing on her Motion for New Trial. The Motion for New Trial is based on the severity of her sentence. In the motion, she set out the procedural history of the case, stated that the sentence constituted cruel and unusual punishment, and that, in light of the State's recommendations, the sentence was arbitrary and capricious and thus violative of due process and due course of law. Based on these statements, Lindley asked for a hearing to present the matter to the court for its consideration. The court did not conduct a hearing, and the motion was overruled by operation of law.

A hearing is necessary, and a trial court abuses its discretion by failing to hold a hearing, if the motion raises matters which are not determinable from the record. *Reyes v. State*, 849 S.W.2d 812, 816 (Tex.Crim.App.1993); *Callahan v. State*, 937 S.W.2d 553, 560 (Tex.App.-Texarkana 1996, no pet.). A trial court must hold a requested hearing on a properly presented motion for new trial that raises matters that are not determinable from the record. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994). In the present case, there were no issues that are not determinable from the record. The motion outlines counsel's constitutional arguments and the proceedings at the revocation hearing, and reminds the trial court that, during that hearing, the State had taken the position that a more fair resolution would be to send Lindley to mandatory drug counseling rather than to prison. The matters set out by the motion involve

questions of law and matters which had previously been heard by the trial court at the revocation hearing. Thus, the motion does not set out any matter which would require the court to conduct a hearing. Error has not been shown.

▮ In light of the totality of the circumstances in this case, this forty-five year sentence appears harsh for a first conviction. The prosecutor, whose primary duty is not to convict but to see that justice is done,[1] made a presentation to the court which included the following statement:

And in this particular instance, to be quite honest, I feel like rather than proceeding to final adjudication, the Defendant should be modified to successfully complete the substance abuse felony program.

The reason that I believe that is because if she really has the desire to turn around her life as she has indicated that to the Court under oath that she does, then that's going to be her best test. Otherwise, I don't think that she has got a chance.

And what I see here today is that she is still trying to be in control and to do it herself. She now acknowledges that she has a problem, but she does not want to take the time to attend properly by being in the best substance abuse program that there is on the face of the earth. It is not fool-proof by a long shot. It is still the best one that I know of.

That's why the State has made this recommendation and did so before we went into this hearing. And quite frankly, the State still feels from our standpoint that it is in the best interest of Mrs. Lindley, her family, and the citizens of the State of Texas.

If she successfully completes that, then everybody wins. If she does not successfully complete it, then she just has to face the music of looking at ninety-nine years to life.

Certainly the offense that she has been placed on probation here was a serious offense. She was obviously dealing drugs in sizable quantities out of her house. And in this particular instance, she was very cooperative with law enforcement when she was arrested.

And based upon the fact that she did not have any prior convictions and the fact that she was cooperative with the law enforcement, we made the recommendation for her to be put on deferred adjudication probation; however, even with that in hand, when she left the courthouse, she left here in September, and one month later, she used amphetamine.

So it is pretty obvious that she cannot do it herself. She'll have to have help and a lot of help. And as she points out, which she's aware that I'm aware that her family has been available to support her throughout her lifetime here. And she has had that support available, so she didn't have to turn to drugs probably in the first place.

She did turn to drugs and was selling drugs. And we feel like that the only way that she is going to come out of this is if she attends and successfully completes the substance abuse felony program.

▮ It is within the authority of the trial judge to ignore the recommendation of the State. However, we should point out that one of the objectives of the system of prohibitions, penalties, and correctional measure in the Penal Code is the rehabilitation of those convicted of violations of the code. It is the duty of the trial court to prescribe penalties that are proportionate to the seriousness of the offense and permit recognition of differences in rehabilitation possibilities among individual defendants. TEX. PEN.CODE ANN. § 1.02(3) (Vernon 1994).

It would be irresponsible for our Court to ignore the crowding of the penal facili-

---

1. TEX.CODE CRIM. PROC. ANN. art. 2.01 (Vernon Supp.2000).

ties and the need for drug treatment. We are also aware of the wide and inconsistent sentencing in Texas and also that the commission of violent crimes often receives a lighter sentence than nonviolent crimes.

We urge the Legislature to consider the possibility of enacting sentencing guidelines that would create more consistency in sentencing in Texas. This would enhance our system of justice in the view of the public as well as in fairness to the defendants.

The judgment is affirmed.