NO. 12-99-00446-CR


NO. 12-99-00447-CR





IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GARY RONNIE WEIKEL,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

 Gary Ronnie Weikel ("Appellant") appeals the revocation of probation for his two
convictions for deadly conduct. The two cases were heard together, at which time Appellant
received a sentence on each case of ten years of imprisonment. Appellant raises three issues on
appeal. We affirm.


Background


 The record is sparse coming before this Court on an appeal of a revocation after a plea. 
Initially, Appellant was charged with two indictments alleging Aggravated Assault. On February
28, 1996, Appellant appeared before the judge of the trial court on a "timely pass for a plea"
procedure whereby the trial court takes the plea, has a pre-sentence report prepared, sentences the
defendant, and, if the defendant does not accept the plea, the defendant is allowed to withdraw his
plea and proceed to trial. The judge sentenced Appellant to five years in prison in each case and a
fine of two thousand dollars. Appellant withdrew his plea. His case was set for trial. Several
months later, Appellant again entered a "no contest" plea to the two indictments before a visiting
judge on the lesser included offense of deadly conduct, a third degree felony. The State advised the
court that, pursuant to the plea agreement, it recommended ten years in prison, probated for seven
years and restitution in the amount of two thousand dollars. The visiting judge then followed the
plea bargain agreement and sentenced Appellant accordingly. 

 On November 22, 1999, Appellant was again before the elected judge of the court on an
Application to Revoke Probation, alleging three violations. The State abandoned one allegation, and
proceeded on two: consuming an alcoholic beverage and possession of an alcoholic beverage while
on probation. Appellant pleaded true to the two alcohol violations. The State argued to the court,
on the issue of punishment, that the Appellant had a young son who ". . . has no one else to take care
of him. The State in this case is asking that you not revoke . . ." and to continue Appellant's
probation. Appellant's attorney argued that Appellant had ". . . a thirteen-year-old son who he has
to take care of. His mother abandoned him. There is nobody else that will help him, and we're
asking the court to follow the recommendations for that reason and to allow the Defendant to prove
himself." The court revoked Appellant's probation and sentenced him to five years in prison on each
of the two cases. Appellant thereafter appealed.

 Appellant raises three issues. First, he contends the trial court abused its discretion in
revoking Appellant's probation by failing to find the allegations to be true. Second, he complains
that the trial court improperly revoked Appellant's probation based upon an invalid condition of
probation. Finally, Appellant argues the trial court erred in revoking his probation despite the
recommendations of the district attorney's office, probation office, and Appellant. 


Abuse of Discretion


 Appellant's first issue is that the trial court abused its discretion in revoking Appellant's
probation when it failed to make a specific finding that the allegations were found to be true in the
court's judgment. However, the signed judgment revoking Appellant's probation in each of the two
cases, signed by the judge, specifically states the two allegations were found to be true. Appellant's
first issue is overruled.


Validity of Condition of Probation

 Appellant contends in his second issue that the trial court improperly revoked Appellant's
probation by basing the revocation on an invalid or inappropriate term or condition of probation.
Appellant's contention is that the judge did not orally state on the record Appellant was to not
consume or possess alcoholic beverages and the offense was not alcohol related; therefore, a
probation condition prohibiting alcohol was invalid. The record brought up on appeal does not
include information as to whether alcohol was involved in the underlying original aggravated assault
cases. Although not dispositive, without a complete record, we are unable to determine whether
there is no reasonable relationship between alcohol and Appellant's probation, as Appellant
contends. See Flores v. State, 513 S.W.2d 66, 70 (Tex. Crim. App. 1974). 

 A trial court's imposition of community supervision conditions are reviewed under an abuse
of discretion standard. McArthur v. State, 1 S.W.3d 323, 331 (Tex. App.-Fort Worth 1999, pet.
ref'd). This court has written the following: 


 Trial courts have been given wide discretion in selecting terms and conditions of probation. Fielder
v. State, 811 S.W.2d 131, 134 (Tex. Crim. App. 1991); Salinas v. State, 514 S.W.2d 754 (Tex. Crim.
App. 1974). A specific condition of probation will be found to be invalid if it embraces all three of
the following characteristics: (1) it has no relationship to the crime, (2) it relates to conduct that is not
in itself criminal, and (3) it forbids or requires conduct that is not reasonably related to future
criminality of the defendant or does not serve statutory ends of probation. Lacy v. State, 875 S.W.2d
3 (Tex. App.-Tyler 1994, pet. ref'd). However, if the conditions of probation are clear, explicit, and
unambiguous so that the probationer understands what is expected of him or her, and if such
conditions bear a reasonable relationship to the treatment of the probationer and the protection of the
public, the imposition of such conditions of probation will not be disturbed on review. Tamez v. State,
534 S.W.2d 686, 691 (Tex. Crim. App. 1976); Macias v. State, 649 S.W.2d 150, 152 (Tex. App.-El
Paso 1983, no pet.).



Richardson v. State, 957 S.W.2d 854, 858-859 (Tex. App.-Tyler 1997, pet. ref'd).

 Whether alcoholic beverages were involved in the underlying offenses is not determinative
as to whether the sentencing court can impose a prohibition on Appellant's use or possession of
alcohol as a term of probation. Although Article 42.12, Section 11 lists twenty-two "Basic
Conditions of Community Supervision," this list is not exclusive; the Court can impose other
conditions. Speth v. State, 6 S.W.3d 530, 533 n.7 (Tex. Crim. App. 1999) (noting that Article 42.12
is ". . . a nonexclusive list of examples of conditions that a court 'may' impose."); Chacon v. State,
558 S.W.2d 874, 875 (Tex.Crim.App. 1977). Further, a term or condition prohibiting a probationer
from using or possessing alcohol has been found to be reasonable, even in cases where alcohol use
or possession was not the gravamen of the underlying offense. Barajas v. State, 682 S.W.2d 588,
589 (Tex. App.-Waco 1984, no pet.); Morris v. State, 658 S.W.2d 770, 773 (Tex. App.-Beaumont
1983, no pet.).

 Finally, Appellant's issue has been vitiated by the passage of time. On May 1, 1996,
Appellant entered his plea and was placed on community supervision. Appellant also received the
"Conditions of Community Supervision" on May 1, 1996, as indicated by his signature on the
Conditions. His probation was revoked on November 22, 1999, over three years thereafter. The
Court of Criminal Appeals, in Flournoy v. State, wrote the following:

 

 When probation is granted, the trial court "extends clemency" and creates a relationship that is, "in
a way, contractual (sic) that is, the court agrees with the convict that clemency by way of probation
will be extended if he will keep and perform certain requirements and conditions, the violation of
which will authorize the revocation of the probation." (cite omitted)


Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App.1979). The Court of Criminal Appeals
has further written the following:


 An award of community supervision is not a right, but a contractual privilege, and conditions thereof
are terms of the contract entered into between the trial court and the defendant. Therefore, conditions
not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the
contractual relationship without objection, a defendant affirmatively waives any rights encroached
upon by the terms of the contract. A defendant who benefits from the contractual privilege of
probation, the granting of which does not involve a systemic right or prohibition, must complain at
trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to
either risk abusing his discretion by imposing the condition over objection or reconsider the
desirability of the contract without the objectionable condition.



Speth, 6 S.W.3d at 534. Having failed to object to the prohibition against possession or use of
alcoholic beverages at the initial May 1, 1996 hearing, Appellant is precluded from raising the issue
now on appeal.

 Because the prohibition against possession or use of alcoholic beverages is not an
unreasonable condition of community supervision, and because Appellant did not object when the
condition was imposed, Appellant's second issue is overruled.


Court's Failure to Follow Recommendations as to Punishment

 Appellant contends in his third issue that the trial court erred in revoking Appellant's
probation despite the recommendation of the State and probation officer. Appellant acknowledges
the trial court's authority to revoke his probation for violation of a term or condition of community
supervision, citing Lindley v. State, wherein the Texarkana Court of Appeals affirmed the trial
court's revocation and forty-five-year sentence, in spite of the district attorney's argument for
continuing the probationer on community supervision. Lindley v. State, 24 S.W.3d 435, 437 (Tex.
App.-Texarkana 2000, no pet.). The trial court's decision to revoke Appellant's community
supervision was within the court's discretion. Guajardo v. State, 24 S.W.3d 423, 427 (Tex. App.-
Corpus Christ 2000, pet. granted). Further, a violation of a single condition of community
supervision is sufficient to support a court's decision to revoke. Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980). And a plea of true is sufficient to support the revocation order of the
trial court. Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979). The sentence the trial court
imposed was within the range of punishment provided for the offense by the Legislature, and as
such, will not be disturbed on appeal absent a showing of abuse of discretion and harm. Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Tex. Pen. Code Ann. §§ 12.34, 25.04(e)
(Vernon 1994). Appellant's third issue is overruled.

 Having found no reversible error, we affirm Appellant's conviction.


 SAM GRIFFITH 

 Justice


Opinion delivered August 31, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)