NO. 12-05-00062-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DEBRA RUTH REYNA,                                    §                 APPEAL FROM THE 124TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 GREGG COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Debra Ruth Reyna appeals her conviction for possession of between four and two hundred
grams of cocaine, for which she was sentenced to imprisonment for ten years. Appellant raises one
issue on appeal. We affirm.
 
Background
            Appellant was charged with possession of between four and two hundred grams of cocaine
and possession of between four and two hundred grams of cocaine with intent to deliver. Without
a plea bargain, Appellant pleaded “guilty” to the simple possession charge. The trial court did,
however, entertain recommendations concerning punishment from the State. Appellant did not
request a presentence investigation report. Following a hearing on punishment, the trial court
sentenced Appellant to imprisonment for ten years. This appeal followed.
 
Failure to Grant Community Supervision
            In her sole issue, Appellant contends that the trial court abused its discretion in failing to
grant Appellant’s application for community supervision. We initially note that Appellant made no
objection to the sentence assessed by the trial court and has, therefore, waived such an issue on
appeal. See Tex. R. App. P. 33.1(a)(1)(A). Nonetheless, even had Appellant properly preserved
error, the outcome would not differ.
            A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea
of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on
community supervision. Tex. Code Crim. Proc. Ann. art. 42.12 § 3(a) (Vernon 2004–05). We do
not read Article 42.12, section (3)(a) to mandate that the trial court place a defendant on community
supervision. Id. 
              Yet Appellant argues that this court should not sanction such an “unjustified incarceration”
and urges that we remand the cause for a proper presentence report and a resulting sentence that is
supported by a record of the trial court’s findings and conclusions. However, Appellant did not
request a presentence investigation report at trial. The trial court, therefore, was not required to
direct the preparation of such a report. See Tex. Code Crim. Proc. Ann. art. 42.12 § 9(g)(2)
(Vernon 2004–05).
            In support of her argument, Appellant cites Lindley v. State, 24 S.W.3d 435, 437–38 (Tex.
App.–Texarkana 2000, no pet.) in which the court of appeals stated as follows:
 
It is within the authority of the trial judge to ignore the recommendation of the State. However, we
should point out that one of the objectives of the system of prohibitions, penalties, and correctional
measure in the Penal Code is the rehabilitation of those convicted of violations of the code. It is the
duty of the trial court to prescribe penalties that are proportioned to the seriousness of the offense and
permit recognition of differences in rehabilitation possibilities among individual defendants. [Citation
omitted].
 
It would be irresponsible for our Court to ignore the crowding of the penal facilities and the need for
drug treatment. We are also aware of the wide and inconsistent sentencing in Texas and also that the
commission of violent crimes often receives a lighter sentence than nonviolent crimes.
 
We urge the Legislature to consider the possibility of enacting sentencing guidelines that would create
more consistency in sentencing in Texas. This would enhance our system of justice in the view of the
public as well as in fairness to the defendants.


Id. The court of appeals in Lindley affirmed the trial court’s judgment, upholding the forty-five year
sentence imposed, and holding that it was within the authority of the trial judge on an open plea of
guilty to ignore the punishment recommendation of the State. Id. Thus, the holding in Lindley does
not support Appellant’s contention that we should reverse this cause.
            Here, Appellant has made no argument that the punishment imposed on her amounted to
cruel and unusual punishment. See Tex. R. App. P. 33.1(a)(1)(A). Moreover, Appellant concedes
that her ten-year sentence was within the statutorily prescribed range. See Tex. Health & Safety
Code Ann. §§ 481.102(3)(D); 481.115(a), (d) (Vernon 2003 & Supp. 2004–05); Tex. Pen. Code
Ann. 12.33(a) (Vernon 2003). Therefore, we hold that the trial court did not err in refusing to grant
Appellant’s application for community supervision. Appellant’s sole issue is overruled.
 
Disposition
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.
 
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered August 24, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.











(DO NOT PUBLISH)