**Affirmed and Memorandum Opinion filed February 12, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00822-CR

**JIMMY DERRICK HICKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 149th District Court
Brazoria County, Texas
Trial Court Cause No. 75474**

## M E M O R A N D U M   O P I N I O N

Appellant pleaded guilty to a felony family-violence assault, and the trial court placed appellant on community supervision probation. The State moved to revoke appellant's probation, alleging twenty-four violations. The trial court found twenty of the allegations "true," revoked probation, and sentenced appellant to four years' confinement. In two issues, appellant contends that the evidence is

insufficient to support the trial court's revocation of probation and that the sentence was excessive and disproportionate to the crime committed.

We affirm.

## I. Sufficient Evidence

To revoke community supervision probation, the State must prove a violation of a condition of probation by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). A preponderance of the evidence is met if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of probation. *Id.* at 865. Evidence is sufficient to revoke probation if there is more than a scintilla of evidence. *Id.* The trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony. *Id.* Proof of a single violation of the terms of probation will support the trial court's decision to revoke. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Bessard v. State*, 464 S.W.3d 427, 429 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

We review the trial court's ruling to revoke probation for an abuse of discretion. *See Hacker*, 389 S.W.3d at 865. A trial court does not abuse its discretion if the ruling is within the zone of reasonable disagreement. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017).

One of the conditions of appellant's probation required him to "totally abstain from the use or consumption of alcoholic beverages of any kind." Of the twenty violations of the conditions of probation that the trial court found "true," two concerned appellant's use of alcohol on separate occasions. Appellant's probation officer testified that appellant admitted to using alcohol on those dates. The officer also testified that appellant's urine tested positive for alcohol. Appellant testified at

2

the revocation hearing and admitted to drinking alcohol while on probation. Appellant's argument that "these two minor infractions are hardly worthy of the adjudication of his guilt and the imposition of a prison sentence" is something beyond this court's scope of review on sufficiency of the evidence.

Accordingly, there is more than a scintilla of evidence—and proof by a preponderance of the evidence—that appellant violated at least one term of the conditions of community supervision probation. The trial court did not abuse its discretion by revoking probation. *See Cunningham v. State*, 488 S.W.2d 117, 121–22 (Tex. Crim. App. 1972) (no abuse of discretion to revoke probation when the probationer told the probation officer that the probationer used narcotics); *see also Barajas v. State*, 682 S.W.2d 588, 589 (Tex. App.—Waco 1984, no pet.) ("An oral admission of a violation of probation terms, made by probationer to his probation officer is sufficient to revoke probation.").

Because the evidence is sufficient and the trial court did not abuse its discretion by revoking probation, we do not address appellant's contentions on appeal about the eighteen other violations. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *Bessard*, 464 S.W.2d at 429.

Appellant's first issue is overruled.

## II. Punishment

In his second issue, appellant contends that the trial court violated his rights under the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Constitution of the State of Texas because the court assessed an excessive and disproportionate sentence.

Generally, an appellant must preserve error for a complaint that a sentence is unconstitutionally excessive or disproportionate under the federal or Texas

constitution. *See Battle v. State*, 348 S.W.3d 29, 30–31 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Quick v. State*, 557 S.W.3d 775, 788 (Tex. App.—Houston [14th Dist.] 2018, pet. filed). Appellant did not object to the imposition of his sentence or otherwise raise his appellate complaints in the trial court. And, appellant does not make a status-based or individualized-sentencing claim under *Miller v. Alabama*, 567 U.S. 460 (2012), for which error preservation is not required. *See Garza v. State*, 435 S.W.3d 258, 262–63 (Tex. Crim. App. 2014) (regarding automatic imposition of sentence of life without parole for a juvenile). Accordingly, no error is preserved. *See Quick*, 557 S.W.3d at 788; *Battle*, 348 S.W.3d at 30–31.

Appellant's second issue is overruled.

## III.   Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


/s/     Ken Wise
         Justice


Panel consists of Justices Wise, Zimmerer, and Spain.
Do Not Publish — Tex. R. App. P. 47.2(b).