

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-18-00029-CR

---

DIONE DIANE BLADES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 6015, Honorable Stuart Messer, Presiding

---

April 5, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Dione Diane Blades, appeals the trial court's judgment adjudicating her guilty of the offense of possession of a controlled substance,[1] and sentencing her to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, a $3,000 fine, and $180 in restitution. We affirm.

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017).

Factual and Procedural Background

On February 2, 2017, appellant pled guilty to a third-degree felony offense of possession of a controlled substance. Pursuant to a plea bargain, the trial court deferred adjudication of appellant's guilt, placed her on three years' community supervision, and assessed a $3,000 fine and $180 in restitution.

In May of 2017, appellant's conditions of community supervision were amended to give her the opportunity to go to drug treatment at the Concho Valley Community Corrections Facility Substance Abuse Treatment Facility. Appellant was required to serve ten days in the Childress County Jail before being sent to treatment.

On October 26, 2017, the State filed a motion to adjudicate the guilt of appellant. It filed its first amended motion to adjudicate on November 8. In its amended motion, the State alleged that appellant violated the terms and conditions of her community supervision by consuming marijuana, consuming methamphetamine, consuming Tylenol 4, failing to obey the rules of the Concho Valley program, voluntarily terminating her participation in the Concho Valley program, and failing to successfully complete the Concho Valley program.

The trial court conducted a hearing on the State's amended motion on January 24, 2018. During the trial, appellant's probation officer at the Concho Valley facility, Melissa Migel, testified that appellant told Migel that she had used marijuana on June 23, 2017; methamphetamine on July 2, while in county jail awaiting transfer to the Concho Valley program; and Tylenol 4 on July 5, while being transported to the Concho Valley facility. Migel also testified that appellant decided she wanted to leave the Concho Valley program

and that she was discharged without having successfully completed the program. Appellant testified and admitted that she voluntarily left the Concho Valley program without successfully completing it. At the conclusion of the hearing, the trial court stated that it found that appellant had violated the terms of her community supervision by using marijuana, methamphetamine, and Tylenol 4. The trial court also stated that it found that appellant had voluntarily left the Concho Valley program and, as a result, had not successfully completed that program. As such, the trial court adjudicated appellant guilty of the offense of possession of a controlled substance and sentenced her to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, a $3,000 fine, and $180 in restitution. Appellant timely appealed the resulting judgment.

By her appeal, appellant presents five issues. Her first three issues challenge the sufficiency of the evidence supporting the trial court's determination that she used marijuana, methamphetamine, and Tylenol 4 in violation of the terms and conditions of her community supervision. Appellant's fourth and fifth issues contend that the evidence was insufficient to support the trial court's determination that she failed to successfully complete and voluntarily terminated her participation in the Concho Valley treatment program.

## Law and Analysis

A trial court's order revoking community supervision is reviewed for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984) (en banc)). In a revocation hearing, the State bears the burden of proving, by a preponderance of the evidence, that the

defendant violated the terms and conditions of her community supervision. *Id.* at 763-64; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993) (en banc). The State satisfies this burden when the greater weight of credible evidence presented to the trial court creates a reasonable belief that it is more probable than not that the defendant has violated a condition of her community supervision. *Rickels*, 202 S.W.2d at 763-64. An appellate court reviews the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

The trial court is the sole trier of fact and determines issues of credibility and the weight to be given to testimony at a revocation hearing. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987) (en banc). The trial court can accept or reject any or all of the testimony presented by the State or the defendant. *Id.*

Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g); *Taylor v. State*, 604 S.W.2d 175, 180 (Tex. Crim. App. 1980). A probationer's oral admission of a violation of a term or condition of community supervision made to a probation officer is, by itself, sufficient to support a revocation of community supervision. *Hampton v. State*, No. 07-00-00078-CR, 2000 Tex. App. LEXIS 4721, at *4-5 (Tex. App.—Amarillo July 18, 2000, no pet.) (citing *Cunningham v. State*, 488 S.W.2d 117, 119-21 (Tex. Crim. App. 1972)); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) (same); *Barajas v. State*, 682 S.W.2d 588, 589 (Tex. App.—Waco 1984, no pet.) (same).

4

In the present case, one of the terms and conditions of appellant's community supervision required her to totally abstain from purchasing, using, possessing or consuming marijuana, pills, narcotics, controlled substances, harmful drugs, or any chemical which might cause intoxication unless prescribed by a physician. When appellant arrived at the Concho Valley Treatment Facility, she was drug tested. When Migel, appellant's probation officer at Concho Valley, confronted appellant with test results that were positive for methamphetamine and opiates, appellant admitted to Migel that appellant had used marijuana on June 23, 2017, methamphetamine on July 2, and Tylenol 4 on July 5. Each of these instances of drug use occurred during appellant's period of community supervision and each constitutes a violation of the terms and conditions of appellant's community supervision. Because an oral admission of a violation of a term or condition of community supervision made to a probationer's probation officer is, by itself, sufficient evidence to support a revocation of community supervision, *see Hampton*, 2000 Tex. App. LEXIS 4721, at *4-5; *Anthony*, 962 S.W.2d at 246; *Barajas*, 682 S.W.2d at 589, we must conclude that the evidence is sufficient to support the trial court's determination that appellant violated the terms and conditions of her community supervision. Because proof of only one violation is necessary to support a revocation, *see McDonald*, 608 S.W.2d at 200; *Taylor*, 604 S.W.2d at 180, we conclude that the trial court did not abuse its discretion in adjudicating appellant guilty of the offense of possession of a controlled substance.

We acknowledge that appellant testified that she did not use methamphetamine on July 2 and did not tell Migel that she had. Additionally, appellant testified that she had been prescribed the Tylenol 4. However, we note that nothing in appellant's testimony

5

addressed her admission of marijuana use on June 23. As previously indicated, proof of only one violation is necessary to support a revocation. *See McDonald*, 608 S.W.2d at 200; *Taylor*, 604 S.W.2d at 180. Additionally, the trial court heard the conflicting testimony of Migel and appellant and resolved the inconsistency in favor of Migel. *Mattias*, 731 S.W.2d at 940.

Because the evidence is sufficient to support the trial court's determination that appellant violated the terms and conditions of her community supervision by using controlled substances and this evidence is also sufficient to support the trial court's adjudication of appellant's guilt, we need not address appellant's fourth and fifth issues relating to whether she violated the terms and conditions of her community supervision by failing to successfully complete the Concho Valley drug treatment program. *See* TEX. R. APP. P. 47.1.

## Conclusion

Concluding that the evidence is sufficient to support the trial court's adjudication of appellant as guilty of the offense of possession of a controlled substance, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

6