**Opinion filed February 9, 2023**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00240-CR

_____

## JOEL VALDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-43,431**

## MEMORANDUM OPINION

Appellant, Joel Valdez,[1] pleaded guilty to the offense of sexual assault of a child, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a) (West Supp. 2022). Pursuant to the terms of the parties' negotiated plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten

---

[1]We note that Appellant's name as it appears on the indictment is Joel Valdez but that the name on the judgment is Joel John Valdez.

years. The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke his community supervision; the State's motion was later amended to allege additional community supervision violations. At the conclusion of the hearing on the State's amended motion to adjudicate, the trial court found three allegations to be "true," adjudicated Appellant guilty of the charged offense, revoked his community supervision, and assessed his punishment at imprisonment for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

In three issues, Appellant asserts that the trial court abused its discretion when it adjudicated his guilt and revoked his community supervision because the evidence presented by the State to support its allegations of his community supervision violations was insufficient. We affirm.

## I. *Factual Background*

On February 24, 2014, Appellant was indicted for the charged offense. Appellant negotiated a plea agreement with the State and pleaded guilty to the charged offense on March 18, 2016. As a condition of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for ten years.

On December 16, 2019, the State filed its original motion to adjudicate Appellant's guilt and to revoke his community supervision, alleging that Appellant had committed two violations of the terms and conditions of his community supervision. The State later amended its motion and alleged that Appellant had committed eight community supervision violations.

On October 11, 2021, a hearing was held on the State's amended motion. Prior to the presentation of evidence, the State abandoned two of the eight allegations raised in the amended motion. Appellant thereafter pleaded "not true" to the remaining six allegations. The only evidence presented by the State at the adjudication/revocation hearing consisted of the testimony of Appellant's probation

officer, Edward Guerrero.  Appellant did not testify or present any evidence.  At the conclusion of the hearing, the trial court found three of the State's allegations to be "true."  On appeal, Appellant challenges the sufficiency of the evidence to support the trial court's findings.

## II. *Analysis*

We address only Appellant's second and third issues because these issues are dispositive of this appeal.  In his second and third issues, Appellant contends that the trial court abused its discretion when it adjudicated his guilt and revoked his community supervision because the State failed to present sufficient evidence that he violated Rule (21) of the Rules of Community Supervision.  Specifically, Appellant complains that the State did not present *documentary* evidence to corroborate Guerrero's testimony that Appellant had violated Rule (21).

To revoke a probationer's community supervision, (whether it be regular probation or deferred adjudication), the State need only prove by a preponderance of the evidence that the probationer violated a condition of probation.  *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013) (citing *Leonard v. State*, 385 S.W.3d 570, 576–77 (Tex. Crim. App. 2012); *Ex parte Doan*, 369 S.W.3d 205, 210 (Tex. Crim. App. 2012)).  "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'"  *Id.* at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)).

The appellate standard of review for probation-revocation cases is whether the trial court abused its discretion.  *Id.* (citing *Rickels*, 202 S.W.3d at 763).  "[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony."  *Id.* (citing *Davila v. State*, 547 S.W.2d 606, 609 (Tex. Crim. App. 1977)).  In this regard, we review the evidence in the light most favorable to

the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In its amended motion to adjudicate, the State alleged, among other things, that Appellant violated Rule (21) of the Rules of Community Supervision in that he failed to (1) attend the required sex offender counseling sessions (allegation number five) and (2) successfully complete the sex offender treatment program (allegation number six). The trial court found allegations five and six to be "true."

The only evidence presented by the State at the hearing to support the trial court's findings of "true" consisted of Guerrero's testimony. Prior to the filing of the State's original motion, Guerrero met with Appellant and discussed the reasons for his absence from and failure to attend the required sex offender counseling sessions. According to Guerrero, Appellant admitted that he did not attend any of the twenty-two counseling sessions that were enumerated in allegation number five. Further, Guerrero testified that the program's counselor, Scott Martin, had advised him of Appellant's failure to attend the counseling sessions. A probationer's oral admission to his probation officer of a probation violation is sufficient to support the trial court's finding of "true" and subsequent adjudication of guilt and revocation of probation. *Barajas v. State*, 682 S.W.2d 588, 589 (Tex. Crim. App. 1984) (citing *Cunningham v. State*, 488 S.W.2d 117 (Tex. Crim. App. 1972)). Moreover, a probation officer's testimony alone is sufficient and may establish a violation of a probationer's community supervision. *Cherry v. State*, 215 S.W.3d 917, 919–20 (Tex. App.—Fort Worth 2007, pet. ref'd). Therefore, Appellant's admissions, without more, are sufficient to support the trial court's finding of "true" as to allegation number five.

Next, Appellant contends that the trial court's finding of "true" as to allegation number six is erroneous because the State was also required to present *documentation* to corroborate Guerrero's testimony and its claim of Appellant's

4

nonattendance and subsequent discharge from the sex offender program. Appellant's argument is unpersuasive and of no consequence. The same evidence as mentioned above, none of which is disputed, supports and is indicative of the reason for Appellant's discharge from the sex offender treatment program (allegation number six)—his persistent absenteeism and lack of participation in the program. To support this finding, it need only be established by a preponderance of the evidence that (1) Appellant was discharged from the program before he successfully completed it and (2) the basis for the program discharge was "rational and connected to the purposes of community supervision." *Torres v. State*, 617 S.W.3d 95, 103 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). We conclude that the evidence in the record before us supports this finding—the reasons for Appellant's discharge from the sex offender treatment program are rationally related to the purpose of enforcing Appellant's accountability for his rehabilitation and compliance with the rules of community supervision.

In the context of an adjudication/revocation proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be afforded their testimony and we defer to the trial court's resolution of these matters. *See Hacker*, 389 S.W.3d at 865; *see also Cardona*, 665 S.W.2d at 493. Further, it is well settled that one sufficient ground for revocation will support a trial court's adjudication/revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd). For a trial court to adjudicate a probationer's guilt and to revoke his community supervision, the State need only prove that the probationer committed *one* community supervision violation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980). Therefore, if a motion to adjudicate/revoke alleges more than one community supervision violation, an order adjudicating guilt and revoking

community supervision is sufficient if only *one* of the violations alleged by the State is proved. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). To obtain a reversal of the trial court's findings, the probationer must negate *all* of the findings upon which the adjudication/revocation order is based. *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978).

Here, the State adduced sufficient evidence that Appellant violated Rule (21) of the Rules of Community Supervision. Because the trial court is the sole judge of witness credibility and the weight to be afforded a witness's testimony, we cannot say that the trial court abused its discretion when it found allegations five and six to be "true," adjudicated Appellant's guilt, and revoked his community supervision. Accordingly, we overrule Appellant's second and third issues on appeal.

In light of our disposition of Appellant's second and third issues, we need not address Appellant's first issue. *See* TEX. R. APP. P. 47.1.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

W. STACY TROTTER
JUSTICE

February 9, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

6