**Vincent Lee PARRISH, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–81–186–CR, 2–81–187–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 17, 1982.

Sullivan & Schieffer and Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Fort Worth, for State.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

JORDAN, Justice.

In this revocation of probation case appellant contends that the evidence was in-

sufficient to support revocation of probation in two separate cases and that the trial court erred in cumulating two sentences.

We reform, and as reformed, affirm the judgment.

In 1975 appellant was convicted in cause No. 74–09–01899, after entering a plea of guilty to a charge of delivery of marihuana. The sentence of ten years for this offense was probated. On May 12, 1980, appellant entered a plea of guilty in cause No. 19930 to the offense of delivery of a controlled substance, methamphetamine. On this same date appellant was sentenced to eight years confinement in the Texas Department of Corrections and the probation in cause No. 01899 was on that date revoked by the Court.

Appellant was confined in the Texas Department of Corrections from May 12, 1980, to September 3, 1980, at which time he was placed on shock probation under art. 42.12 § 3e V.A.C.C.P. The terms and conditions of this probation were the usual ones, including the provision that appellant would not violate any of the laws of the State of Texas, and additionally that he would pay $75 in court costs at the rate of $10 per month and a probation fee of $15 per month. In March 1981, a petition for revocation of probation was filed in both of these cases, cause No. 74–09–01899 and cause No. 19930, the motion in each case alleging violation of the terms of probation in four different respects. Hearing was held in these motions for revocation on April 23, 1981, and the probation in both cases was revoked. Appellant was sentenced to eight years in the Texas Department of Corrections in cause No. 74–09–01899, and to eight years in cause No. 19930. The sentence in cause 01899 was cumulated with the sentence in cause No. 19930.

In his first ground of error, appellant contends that the trial court erred in cumulating the 1975 sentence in cause No. 74–09–01899 with the 1980 sentence in cause No. 19930. We agree with this contention and sustain appellant's first ground

of error. Since appellant had actually served time in the Texas Department of Corrections, from May 12, 1980, to September 3, 1980, the attempt to cumulate the two sentences in April of 1981 was void and of no effect. We have recently held, in *McFarland v. State*, 622 S.W.2d 907 (Tex. App.1981), as has the Court of Criminal Appeals in *O'Hara v. State*, 626 S.W.2d 32, a panel opinion delivered November 4, 1981, that a court may not add a cumulation order to a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed. Such an attempted cumulation order is null and void and of no legal effect. See also *Ex Parte Guerrero*, 521 S.W.2d 613 (Tex.Cr. App.1975); *Ex Parte Voelkel*, 517 S.W.2d 291 (Tex.Cr.App.1975); *Ex Parte Brown*, 477 S.W.2d 552 (Tex.Cr.App.1972).

In his second and third grounds of error appellant contends that the evidence at the probation revocation hearing April 23, 1981, was insufficient to support the trial judge's finding that the terms of his probation had been violated by appellant. Briefly the evidence at the hearing showed that on January 14, 1981, appellant was arrested on suspicion of armed robbery and after being put in a patrol car, when he was handcuffed, became violent and damaged the shot gun rack and the front seat of the patrol car by kicking them with his feet. There was testimony that the patrol car was damaged to the extent of at least $55. The State in its motion to revoke probation, also alleged that on the same date, January 4, 1981, appellant committed an offense against the law of the State of Texas by intentionally and knowingly carrying on and about his person a hand gun, and that he was delinquent in the payment of court costs and probation fees ordered by the court. The State introduced testimony on each of these allegations.

There is no question that this evidence was more than sufficient to support the trial court's findings and ruling that the appellant had in fact violated the terms of his probation. It is not necessary for purposes of this opinion to detail that evidence.

It is sufficient in revocation proceedings if any one of several alleged violations is proven. On the matter of the probation fees and court costs there was testimony that those fees had not been paid as ordered, and appellant, though he admitted making $800 to $1,000 per month simply said that he was unable to pay them because of other bills. This raised an issue of fact which was found against appellant by the trial judge.

The revocation hearing was held to the court without benefit of the jury and the trial court, as the trier of fact, was authorized, as he did, to determine the credibility of the witnesses and the weight to be given their testimony. *Fronatt v. State*, 543 S.W.2d 140 (Tex.Cr.App.1976). Appellant's second and third grounds of error are therefore overruled.

For the reasons above stated the judgment is reformed by deleting the provision therein cumulating the two sentences, and as so reformed is affirmed.