**Michael HERRERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–82–177–CR.**

Court of Appeals of Texas, Waco.

June 16, 1983.

George Shaffer, Waco, for appellant.

Victor Feazell, Criminal Dist. Atty., Dennis G. Green, First Asst. Dist. Atty., Frank M. Fitzpatrick, Jr., Kenneth R. Bennett, Asst. Dist. Attys., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Herrera from Judgment revoking his probation.

Defendant was convicted in August 1981, the offense of sexual abuse and sentenced to 10 years in the Texas Department of Corrections, which sentence was probated.

In September 1982, the State filed motion to revoke Defendant's probation alleging he violated the terms of his probation in that he: (1) Committed an offense against the laws of the State of Texas, to-wit: On or about September 19, 1982, he unlawfully appeared in a public place, Waco Mission Club, while under the influence of alcohol to the degree that he might endanger himself and others. (2) Committed an offense against the laws of the State of Texas, to-wit: On or about October 7, 1981, he in McLennan County knowingly and intentionally possessed a usable quantity of marihuana of 2 ounces or less. (3) Failed to avoid the use of alcoholic beverages, to-wit: On or about September 19 he did then and there consume alcoholic beverages. (4) Committed an offense against the laws of the State of Texas, to-wit: On or about January 18, 1982, in McLennan County he did knowingly and intentionally possess a usable quantity of marihuana.

After hearing the trial court found all allegations in the State's motion to be true by a preponderance of the evidence, revoked Defendant's probation and sentenced him to 10 years (giving credit for jail time served).

Defendant appealed on one ground of error: "the District Court abused its discretion in revoking Appellant's probation due to an insufficiency of evidence and denial of Appellant's due process of rights".

There is evidence Defendant was arrested at the Waco Mission Club for public intoxication by Officer Giotes of the McLennan County Sheriff's Department; and that Defendant admitted to his probation officer that he smoked marihuana on January 17 and on October 7, 1982.

Defendant in no way controverted or attacks the State's proof of violations (1) and (3) supra.

One sufficient ground for revocation will support the trial court's revocation judgment. *Jones v. State,* Tex.Cr.App., 571 S.W.2d 191; *Moore v. State,* Tex.Cr.App., 605 S.W.2d 924.

And an oral admission of a violation of the probation terms, made by probationer to his probation officer, is sufficient to revoke probation. *Cunningham v. State,* Tex.Cr.App., 488 S.W.2d 117. Defendant's ground of error is overruled.

AFFIRMED.