Morales-JA v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-309-CR

     JUAN ANTONIO MORALES,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 249th District Court
Johnson County, Texas
Trial Court # 26956
                                                                                                    

O P I N I O N
                                                                                                    

      In 1989, the trial court found Juan Morales guilty of burglary of a habitation. After assessing
a ten year sentence, the trial court placed him on community supervision. Six years later, the State
sought to revoke Morales' community supervision alleging two arrests for public intoxication, a
conviction for driving while intoxicated, failure to report to his community supervision officer,
and failure to pay his community supervision fees. The trial court, finding these allegations to be
true, revoked his community supervision and sentenced Morales to ten years' imprisonment. 
Morales now appeals by three points of error, claiming there is no direct evidence that he
committed the offenses alleged, had notice that he was to report in person monthly, or
intentionally failed to pay the community supervision fees. Because we find sufficient evidence
to show that Morales committed the alleged offenses, failed to report to his community supervision
officer, and intentionally failed to pay the community supervision fees, we overrule all three points
and affirm the revocation of community supervision.
      In a revocation proceeding, the State must show by a preponderance of the evidence that the
probationer committed the breaches alleged in its motion to revoke and if the State fails to meet
this burden, the trial court is without authority to grant the motion. Caddell v. State, 605 S.W.2d
275, 277 (Tex.Crim.App. [Panel Op.] 1980). If the State sustains its burden of proof, the decision
to revoke is within the discretion of the trial court. Galvan v. State, 846 S.W.2d 161, 162
(Tex.App.—Houston [1st Dist.] 1993, no pet.). Consequently, appellate review of a trial court's
order revoking community supervision is limited to a determination of whether the trial court
abused its discretion. Caddell, 605 S.W.2d at 277; Jackson v. State, 915 S.W.2d 104, 106
(Tex.App.—San Antonio 1996, no pet.). An abuse of discretion occurs only when the trial court's
decision was so clearly wrong as to lie outside that zone within which reasonable persons might
disagree. Brumbalow v. State, No. 10-96-034-CR, slip op. at 4 (Tex.App.—Waco, October 16,
1996, no pet.h.).
      In a community supervision revocation proceeding, the trial court is the sole judge of the
facts, the credibility of the witnesses, and the weight to be given to the evidence presented. 
Naquin v. State, 607 S.W.2d 583, 586 (Tex.Crim.App. [Panel Op.] 1980); Jackson, 915 S.W.2d
at 105. Evidence which supports a finding that the probationer violated one condition of his
community supervision is sufficient to sustain an order revoking community supervision. 
Richardson v. State, 622 S.W.2d 852, 855 (Tex.Crim.App. [Panel Op.] 1981); Herrera v. State,
656 S.W.2d 148, 149 (Tex.App.—Waco 1983, no pet.); Parrish v. State, 628 S.W.2d 524, 526
(Tex.App.—Fort Worth 1982, no pet.). A probationer's admission that he breached the condition
of community supervision requiring him not to violate any law of this State is sufficient, standing
alone, to justify revoking his community supervision. Richardson, 622 S.W.2d at 855; Herrera,
656 S.W.2d at 149.
      Morales' community supervision conditions included an express provision that he commit no
offense against the laws of this State. On cross examination, Morales admitted to being arrested
for public intoxication on two different occasions and convicted of driving while intoxicated during
the community supervision period. Morales' admissions support the trial court's decision to
revoke his community supervision. Id. Therefore, we overrule Morale's first point of error. 
Brumbalow, No. 10-96-034-CR, slip op. at 4.
      Morales claims in his second point of error that the trial court erred in revoking his
community supervision for failing to report since he had no notice that he was to report in person
monthly. The original community supervision order placed Morales on minimum supervision,
which required him to report to his community supervision officer by mail for two months, then
in person for the third month. In its motion to revoke, the State alleged that Morales failed to
report to his community supervision officer for the months of February, July, September, and
October 1994. At the revocation hearing, Alice Finley, Morales' community supervision officer,
testified that he failed to report for these months. In our review of the record, we found nothing
to indicate a change in reporting requirements from the original order placing Morales on
community supervision. Moreover, Morales violated the terms of the original minimum
supervision by failing to report by mail or in person for the months indicated. Furthermore, he
failed to report in person for the month of July, which is a month his minimum supervision
requirements required him to report in person. The trial court could reasonably find that Morales
failed to report to his community supervision officer. Therefore, we overrule Morales' second
point of error. Id.
      In a revocation hearing based upon the failure of the probationer to pay his community
supervision fees, the State must carry the burden of proving the probationer intentionally failed
to pay the required fees. Stanfield v. State, 718 S.W.2d 734, 738 (Tex.Crim.App. 1986). One
who has the ability to pay the required fees but does not, without more, leaves a factfinder with
a strong inference that his failure is intentional. Id. at 738. Thus, the burden is on the probationer
to raise the affirmative defense of inability to pay the required fees and to prove it by a
preponderance of the evidence. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp.
1996); Hill v. State, 719 S.W.2d 199, 201 (Tex.Crim.App. 1986). When considering if a
probationer proved his affirmative defense by a preponderance of the evidence, we consider all
of the relevant evidence to determine if the rejection of the defense is so against the great weight
and preponderance of the evidence so as to be manifestly unjust. See Meraz v. State, 785 S.W.2d
146, 155 (Tex.Crim.App. 1990); Moranza v. State, 913 S.W.2d 718, 723 (Tex.App.—Waco
1995, pet. ref'd).
      At the revocation hearing, Morales testified that he worked steadily throughout the community
supervision period at a wage of $9.50 an hour for fifty to seventy hours per week. His wife
testified that he provided well for his family and made enough to pay for two mobile homes. In
fact, Morales explained that his failure to pay the community supervision fees resulted from his
community supervision officer saying "I had ten years to do it, and I said, maybe I put back a little
bit so I can use the money for something else." The only evidence he produced to raise the
affirmative defense of inability to pay consisted of testimony that his house burned down "this last
past year", presumably 1994, and "stuff like that." However, this fails to explain the significant
non-payment of the community supervision fees from 1992 through 1994. The trial court could
reasonably find that Morales intentionally failed to pay his community supervision fees. 
Furthermore, we believe a finding that Morales failed to prove his affirmative defense of inability
to pay is not against the great weight and preponderance of the evidence so as to be manifestly
unjust. Therefore, we overrule Morales' third point of error. Brumbalow, No. 10-96-034-CR,
slip op. at 4.
      A finding that the probationer violated one condition of his community supervision is
sufficient to sustain the order revoking community supervision. Richardson, 622 S.W.2d at 855;
Herrera, 656 S.W.2d at 149; Parrish, 628 S.W.2d at 526. However, we find all three of
Morales' points of error without merit and any one of the violations sufficed to revoke community
supervision. Therefore, the trial court did not abuse its discretion in revoking his community
supervision.
       We affirm the judgment.
 
                                                                                 REX D. DAVIS
                                                                                 Chief Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed on October 16, 1996
Do not publish